MICHAEL J. FOX *vs.* JAMES N. SMITH.

PROVIDENCE—JUNE 13, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1) *Malicious Prosecution. Probable Cause.*

Probable cause for a criminal prosecution lies in the existence of a state of facts sufficient to cause an ordinarily careful and prudent man to believe the accused guilty. Knowledge of the innocence of the accused acquired by the prosecutor after the institution of criminal proceedings will not show a want of probable cause in the institution of the prosecution. Evidence upon which prosecutor acted considered, and:—
*Held,* sufficient to justify his action.

(2) *Malicious Prosecution. Evidence.*

In an action for malicious prosecution, evidence tending to show the innocence of the accused is irrelevant, as probable cause depends not upon the guilt or innocence of the accused, but upon the prosecutor's belief in his guilt, upon reasonable grounds, at the time of the prosecution.

(3) *Malicious Prosecution. Evidence.*

In an action for malicious prosecution, the record of a District Court is properly admitted to show the termination of the proceedings in that court in favor of the plaintiff.

(4) *Malicious Prosecution. Advice of Counsel.*

In an action of malicious prosecution, the question whether defendant acted upon advice of counsel embraces the further question whether defendant made a full, fair, frank, and free disclosure of all the circumstances for the counsel to advise upon, and is a question for the jury.

MALICIOUS PROSECUTION. Heard upon defendant's petition for a new trial. Petition granted.

DUBOIS, J. This is an action of trespass on the case for

malicious prosecution. After verdict for the plaintiff, the defendant petitions for a new trial, and assigns as his reasons therefor the following:

First. The verdict was against the evidence, as grounds for probable cause in commencing this prosecution are shown.

Second. The evidence tending to show the innocence of the plaintiff of the crime alleged was improperly admitted.

Third. The improper admission of the District Court record and the lack of proof of the criminal proceedings complained of and their termination.

Fourth. The plaintiff assented to the discontinuance of the criminal proceedings.

Fifth. The defendant acted under the advice of counsel in commencing the prosecution.

Sixth. If the verdict is to be sustained the damages to be awarded are excessive.

The prosecution complained of was criminal; the defendant, as chief prosecuting agent of the Rhode Island Society for the Prevention of Cruelty to Animals, made complaint and caused the issuance of a warrant against the plaintiff, charging him with being present at a cock-fight at Warren.

(1) The complaint was made after an investigation by the defendant, whose attention had been directed to the matter by an anonymous written communication containing the statement that there had been a cock-fight in Warren some two weeks before, and that one Bousquet would give information; which writing was left at the office of the defendant, who was at home recovering from an illness, and was brought there to him. On March 5th, the defendant began his investigation by going to Warren and interrogating Joseph Bousquet, who informed him, among other things, that there was a cock-fight at Warren on Sunday, February 16, 1902, and that twelve or fifteen persons were present, including Michael Fox, whom he said he knew. The defendant also interviewed one Gustavus Barnaby, who informed him that there had been a cock-fight at which Michael Fox was present, and that he saw him. The defendant attempted to talk with a Frenchman, the hired man of Joseph Bousquet, but

was unable to do so except through an interpreter, as the hired man spoke no English and the defendant did not speak or understand French. Mr. Bousquet acted as interpreter, and, in answer to questions put by the defendant, Mr. Bousquet reported that his employee stated that he knew the parties, including Fox. The defendant also found the place where the fight had been, and saw feathers on the ground.

That after making this investigation he submitted the matter to Lycurgus Sayles, Esq., a well-known practicing attorney-at-law, who had been attorney for the society for over twenty-five years, to obtain his advice as to whether, under the circumstances, complaints should be made and criminal proceedings instituted against the accused, including Michael Fox. Mr. Sayles advised him to proceed, and the defendant made his complaint against Michael Fox, who was notified to be present at the proper District Court and give bail for his appearance for trial, which was done; that at the same time four other defendants, charged with being present at the same fight, plead guilty and were fined, the plaintiff plead not guilty and the case was continued for trial; after the arraignment of the plaintiff, the witness, Bousquet, informed the defendant that he and his hired man were mistaken in regard to Michael Fox; that the person they mistook for Michael Fox was a man named William McDonald, and also Gustavus Barnaby informed him that he did not see Michael Fox himself, but that Joseph Bousquet informed him that Fox was there.

The defendant, finding that his witnesses were not prepared to substantiate the statements made to him, notified the counsel for the plaintiff, and claims that an arrangement was made by which the case was to be adjusted by giving the names of the informants to the plaintiff and by discontinuing the criminal case against him. Mr. Sayles testified in regard to such proposed adjustment of the matter, and neither appeared before the District Court in further prosecution of the case.

The plaintiff and his counsel denied that there was any such arrangement or adjustment.

The district judge testified in regard to the proceedings and their termination, as follows:

"On page 65 of the records, I find the warrant No. 2,479, of March 9th, James N. Smith, agent for the Rhode Island Society of Prevention of Cruelty to Animals, against Michael J. Fox, Cady, Officer, day, March 9th; March 11th, Plea, Not Guilty, Trial, Adjudged 'Not Guilty,' costs taxed $5.95. Defendant discharged. Court at Warren."

Malicious prosecution for crime has been defined as a prosecution on some charge of crime which is willful, wanton, or reckless, or against the prosecutor's sense of duty and right, or for ends he knows or is bound to know are wrong and against the dictates of public policy.

Public policy favors prosecution for crime, and requires that a person who in good faith and upon reasonable grounds institutes proceedings upon a criminal charge shall be protected. 19 Am. and Eng. Ency. Law, 650, and cases cited.

The law presumes that every prosecution proceeds from proper motives and upon sufficient reasons; therefore the plaintiff in an action for malicious prosecution must prove both malice and want of probable cause.

Malice may be presumed from the want of probable cause, but lack of probable cause cannot be inferred from malice.

Probable cause for prosecution for crime is the existence of a state of facts sufficient to cause an ordinarily careful and prudent man to believe the accused guilty. Knowledge of the innocence of the person charged with crime acquired by the prosecutor after the institution of criminal proceedings will not show a want of probable cause in the institution of the prosecution.

It is not necessary for the prosecutor to act upon his own personal knowledge of the facts. It is sufficient if he acted in good faith upon credible information received from reliable sources. *Wills* v. *Jordan,* 20 R. I. 630.

There is no evidence that the defendant did not act in good faith, and the presumption is that he did. Whether he acted upon credible information or whether its sources were reliable were questions of fact for the jury to determine. As the jury

found for the plaintiff, they must have found either that the information the defendant received was incredible or that the sources from which it came were unreliable. The subsequent event disclosed that they proved unreliable, but that was not the question to be decided. Would an ordinarily careful and prudent man of the experience of James N. Smith have believed the story told by the witnesses, and would he have considered them reliable at the time they gave the information? If he would, then the defendant was justified in proceeding as he did. There was no evidence tending to prove that the witnesses did not give the defendant the information that he relied on in commencing his prosecution of the plaintiff, nor was there any evidence that they were unworthy of belief; neither was there anything disclosed that should have put the defendant on his guard against the story told or the tellers thereof. In our opinion the verdict is strongly against the evidence, as there was no evidence at all of want of probable cause.

(2)    The defendant excepted to rulings of the court admitting, against his objection, testimony tending to prove the innocence of the plaintiff of the crime alleged, by proving that he was elsewhere at the time. This testimony was clearly irrelevant; probable cause does not depend upon the guilt or innocence of the accused, but upon the prosecutor's belief in his guilt, upon reasonable grounds, at the time of prosecution. The testimony may, and was liable to, have prejudiced the jury to the injury of the defendant. *King* v. *Colvin,* 11 R. I. 582.

(3)    The defendant's said exceptions are sustained. We find that the court did not err in admitting the record of the District Court for the purpose of proving that the proceedings had terminated favorably to the plaintiff. Even if the objection was technically tenable, the fact was proved by the defendant and his witnesses.

(4)    The fourth and fifth grounds raise questions of fact determinable solely by the jury. Whether the plaintiff assented to the discontinuance or not was a question of fact, and the jury must have found that he did not. And whether the defendant acted under advice of counsel in commencing the prosecution is a question that embraces another, viz., whether in ob-

taining such advice he made a full and fair, frank and free, disclosure of all the circumstances for the counsel to advise upon. And the jury decided the question in the negative. The question relating to damages need not be considered.

New trial granted, and case remanded to the Common Pleas Division for further proceedings.

*John E. Bolan*, for plaintiff. ·
*James C. Collins, Jr.*, for defendant.